UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GUILLERMINA ZAVALA ROSAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 13-2150-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Guillermina Zavala Rosas ("Plaintiff") appeals from the decision of the Administrative Law Judge ("ALJ") denying her applications for disability insurance benefits and Supplemental Security Income benefits. On appeal, the Court concludes that ALJ correctly determined, at step four of the sequential evaluation process, that Plaintiff could perform her past relevant work. Accordingly, the ALJ's decision is affirmed and this matter is dismissed with prejudice.

///

///

///

# I.
# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for benefits on August 11, 2009, alleging disability beginning October 20, 2008. In an unfavorable opinion, the ALJ concluded, based upon the testimony of a vocational expert ("VE"), that Plaintiff could perform her past relevant work as a telephone solicitor. Administrative Record ("AR") 25-31.

# II.
# ISSUE PRESENTED

The parties dispute whether the ALJ erred in determining, at step four of the sequential evaluation process, that Plaintiff was capable of performing her past relevant work. See Joint Stipulation ("JS") at 5.

# III.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720

(9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.

## DISCUSSION

Plaintiff contends that the ALJ erred in determining, based upon the testimony of the VE, that she was capable of performing her past relevant work as a telephone solicitor because that job, as described in the Dictionary of Occupational Titles ("DOT"), is incompatible with the ALJ's residual functional capacity ("RFC") assessment. JS at 5-10. As relevant here, the ALJ's RFC assessment determined that Plaintiff was able to perform light work with a limitation of "no work requiring depth perception and no detailed/close up work." AR 29. Plaintiff contends that this limitation precludes her from performing her past relevant work as a telephone solicitor because the DOT description of that job requires occasional "near acuity" and frequent "accommodation." JS at 5.[1]

The ALJ's determination was made at step four of Social Security's five-step disability determination process. At step four, the claimant must show that she can no longer perform her past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)). "The claimant has the burden of proving an inability to return to [her] former type of work and not just to [her] former job." Villa v. Heckler, 797 F.2d 794,

---

[1] The Department of Labor defines "near acuity" as "clarity of vision at 20 inches or less." See U.S. Department of Labor, The Revised Handbook for Analyzing Jobs 12-7 (1991) (attached to JS as Exhibit 2). "Accommodation" is defined as "adjustment of lens of eye to bring an object into sharp focus. This factor is required when doing near point work at varying distances from the eye." Id. at 12-8.

798 (9th Cir. 1986). Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support her conclusion. SSR 82–62, 1982 WL 31386, at *4 (1982). This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the ALJ determines that the claimant can perform the actual functional demands and job duties of a particular past relevant job, either as actually performed or as generally required by employers in the national economy, then the claimant is not disabled. Pinto, 249 F.3d at 845; 20 C.F.R. §§ 404.1520(f), 416.920(f).

Plaintiff testified at the administrative hearing that her job as a telephone solicitor as she actually performed it involved calling companies on the telephone to market moving truck services. AR 53. She did not use a computer and she did not have to look up any phone numbers in the phone book because the owner of the company had already "underlined or highlighted" the numbers for her. AR 54. The ALJ then called a VE to testify about what Plaintiff could still do despite her limitations. AR 62-67. The VE testified that, given the ALJ's RFC assessment, which included a limitation to jobs that did not require depth perception or detailed/close up work, Plaintiff was capable of performing her past relevant work as a telephone solicitor as Plaintiff actually performed it. AR 65.[2]

Plaintiff argues that the telephone solicitor job exceeds her limitations because the job requires near acuity and accommodation, which she is

---

[2] Although the ALJ stated that the VE testified that Plaintiff could perform her past work as a telephone solicitor both as usually performed in the national economy and as actually performed, see AR 32, the VE in fact testified that Plaintiff was only able to perform her past work as actually performed. See AR 65.

incapable of based on her RFC. Plaintiff's claim is unpersuasive. Although the visual requirements of telephone solicitor as generally performed in the national economy may arguably exceed Plaintiff's visual abilities, Plaintiff is nevertheless capable of performing the job as she actually performed it. Plaintiff testified that she called other companies using a directory in which the telephone numbers were already highlighted or underlined by her supervisor. She also answered all incoming calls. She did not have to use a computer or any other equipment. AR 53-54, 171. Thus, the fact that Plaintiff's RFC precluded her from "detailed/close up work" does not affect her ability to perform the job of telephone solicitor as she actually performed it because, based upon her testimony and other statements, she did not have to perform any "detailed" or "close up work."

In support of her contention that she cannot perform the telephone solicitor job, Plaintiff points to a written work history report in which she checked a box indicating that the job of telephone solicitor required her to "write, type or handle small objects" five hours per day. JS at 8-9 (citing AR 171). This statement does support Plaintiff's argument that she cannot perform the telephone solicitor job because it conflicts with other statements Plaintiff made at the administrative hearing. For example, despite Plaintiff's claim that she was required to "write, type or handle small objects" five hours per day, she testified at the administrative hearing that she only used the telephone to make and receive calls and that she did not write or use a computer. See AR 53-54. Furthermore, contrary to her statement that she had to "write, type or handle small objects" five hours a day, Plaintiff testified at the administrative hearing that she worked as a telephone solicitor three or four days per week for only four hours per day. AR 51. The ALJ also found that Plaintiff was not fully credible regarding her symptoms and limitations, see AR 30, a determination that Plaintiff does not challenge here.

Finally, Plaintiff has not pointed to any medical evidence in the record to demonstrate that her vision-related impairments of possible glaucoma and a history of pterygium in her left eye were sufficiently severe to preclude her from performing her past relevant work as actually performed. In a March 2009 assessment, an ophthalmologist diagnosed possible glaucoma, presbyopia requiring prescription glasses, and no diabetic retinopathy. AR 381. After Plaintiff was diagnosed with pterygium of the left eye, she had a surgical excision of the pterygium, which resulted in improved vision in the left eye. AR 367-80. Plaintiff testified that her left eye was better once she had the pterygium removed. AR 56-57. Tellingly, Plaintiff testified at the administrative hearing that she stopped working at the telemarketing job because the owner sold the business, not because she was no longer able to perform the duties of the job because of her visual impairments. AR 51.

At step four of the sequential evaluation, Plaintiff bears the burden of proving that she is unable to perform her past relevant work. Although Plaintiff arguably is unable to perform her past work as a telephone solicitor as performed in the national economy, she is nevertheless able to perform it as actually performed. Accordingly, the ALJ's step four determination is supported by substantial evidence, and Plaintiff is not entitled to relief.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the matter is DISMISSED with prejudice.

Dated: March 26, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge